Reese, J.
delivered the opinion of the court.
This is an action upon a warranty in the sale of a horse. A verdict and judgment were rendered for the plaintiff below. The verdict is sustained by proof in the record, and there is no error in the charge of the court. The only question, therefore, which has been pressed in argument here by the-plaintiff in error, relates to the competency of two depositions as evidence in the cause.
The clerk issued the commission in vacation, upon a grant, or order, made by himself. The act of 1826, ch. 21, Ca. & Ni., 158, provides, “that in all cases at law, where the court, or any Judge, or justice, by the laws then in force, were authorized to grant commissions to take the depositions of witnesses, it shall be lawful for the clerk of the court in which the case is, or may be pending, to grant commissions to take the depositions of witnesses, in the same manner the court, Judge or justice can grant them,'and the affidavit on which the clerk granted the commissions, shall be sworn to before him, and filed among the papers in the cause.”
The clerk made a formal entry of this grant of a commission at office, stating therein that an affidavit had been made. Due notice was given of the time and place of taking the depositions; and the plaintiffs in error attended and cross-examined the witnesses. The only objection is that the affidavit at the trial could not be, or was not produced.
*232 We are of the opinion, that the official statement of the clerk, that the affidavit had been made, proves its existence, and its mere non-production or loss should not have the effect to reject the depositions, especially in a case where the parties attended and cross-examined the witnesses.
Let the judgment be affirmed.